## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                      4:19-CR-00654-BRW

JAMARIUS AYTCH

### ORDER

Pending before the Court is Defendant Jamarius Aytch's "Motion to Reconsider Detention Order," filed on August 14, 2020. *Doc. 16.* The Government has advised that it opposes Mr. Aytch's motion. For the reasons explained below, Mr. Aytch's Motion is denied.

**I. Background**

On December 4, 2019, Mr. Aytch was charged in an Indictment with being a felon in possession of a firearm, possession with intent to distribute methamphetamine and cocaine, and possession of a firearm in furtherance of a drug trafficking crime.

On March 19, 2020, I conducted a bond hearing during which the government moved for detention. After hearing evidence and arguments of counsel, I concluded that Mr. Aytch was too dangerous to be released on any conditions I might impose to reasonably assure the safety of the community. Thus, I ordered Mr. Aytch detained pending resolution of the pending federal charges. *Doc. 14*.

## II. Discussion

Relying on 18 U.S.C. § 3142(i), Mr. Aytch argues that the COVID-19 pandemic is a compelling reason necessitating his "temporary release."  For cause, he points to the recent outbreak at Greene County Jail, where he is currently housed.  According to Mr. Aytch, 60 of the 296 inmates have tested positive for the virus.

For the reasons stated below, Mr. Aytch has failed to meet his burden to demonstrate that his particular circumstances rise to the level of a compelling reason justifying his release.  *See United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013) (collecting cases); *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895 (D. Kansas March 25, 2020) (instructing that "whether a defendant's particular circumstances warrant release in light of the COVID-19 pandemic" should be considered on "a case-by-case basis"  under § 3142(i)'s "another compelling reason" prong).

In *Clark*, the Court noted that "generalized COVID-19 fears and speculation" will not alone justify a request for temporary release.  Rather, the Court identified four factors that must be evaluated in assessing a request for temporary release under § 3142(i):  (1) "the original grounds for the defendant's pretrial detention;" (2) "the specificity of the defendant's stated COVID-19 concerns;"  (3) "the extent to which the proposed released plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant"; and (4) "the likelihood that the defendant's proposed release would increase COVID-19 risks to others." *Clark at *3*.  These non-exclusive factors are "not

necessarily" weighed equally but should be considered "as a whole" in assessing whether a "compelling reason" exists necessitating a defendant's temporary release. *Id*.

### (1)  The original grounds for Mr. Aytch's pretrial detention

In finding that Mr. Aytch was too dangerous to release on O/R bond, I specifically noted: (1) Mr. Aytch's extensive criminal history; (2) his demonstrated and consistent refusal to comply with requirements or conditions placed on him by state officials; (3) the fact that he allegedly committed the pending federal crimes less than two months after he was released from state prison and while on state supervision; and (4) the fact that one of the pending charges involves Mr. Aytch's possession of a semi-automatic pistol equipped with a fully loaded fifty-pound drum magazine, a configuration designed to make the pistol capable of killing or wounding a large number of people. *Doc. 14*. All of these findings weigh heavily against Mr. Aytch's request for temporary release.

### (2)  The specificity of Mr. Aytch's stated COVID-19 concerns

Mr. Aytch argues that his fear of COVID-19 is serious and specific to him because the current outbreak at Greene County Jail poses a concrete risk of contracting the virus. However, Mr. Aytch, who is thirty-four years old, does *not* allege that he has any specific health concerns that place him at an increased risk of harm if he does contract COVID-19. This factor weighs against his temporary release.

> **(3)    The extent to which Mr. Aytch's proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks**

Mr. Aytch's proposed release plan involves him living with his mother, with home detention and location monitoring.  As described, the plan appears tailored to mitigate COVID-19 risks and therefore weights in Mr. Aytch's favor.

> **(4)    The likelihood that Mr. Aytch's proposed release would increase risks to others**

The Court considers this factor to be neutral.  However, even if weighed in Mr. Aytch's favor, it is not enough to offset the other factors that support detention.

### III.  Conclusion

After considering all of the factors relevant to Mr. Aytch's requested release from pretrial detention, I conclude that Mr. Aytch has failed to demonstrate that his release is necessary for a "compelling reason."

IT IS THEREFORE ORDERED THAT Defendant Jamarius Aytch's Motion to Reconsider Detention Order, *Doc. 16*, is DENIED.

IT IS SO ORDERED this 18th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE